IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL KEVIN McGOWN, #2060448, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-2148-G-BK |
| | § | |
| LORIE DAVIS, Director, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge. Upon review of the relevant pleadings and law, and for the reasons that follow, the petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**I. BACKGROUND**

In 2012, Petitioner was convicted of assault -- family violence, and was sentenced to 35 years' imprisonment. *McGown v. State*, No. 35540CR (40th Dist. Court Ellis County 2012), *aff'd* No. 10-12-00092-CR, 2013 WL 5494676 (Tex. App. -- Waco, Sep. 26, 2013, pet ref'd). He unsuccessfully sought state habeas relief. His first application was dismissed "for noncompliance with Texas Rules of Appellate Procedure 73.1" because some of his grounds were "not on the prescribed form, and were not included with the original habeas application." *In re McGown*, No. WR-83,785-01 (Tex. Crim. App. Nov. 25, 2015). His second application

was denied without written order. *Ex parte McGown*, No. WR-83,785-02 (Tex. Crim. App. Aug. 3, 2016).[1]

On July 25, 2016, Petitioner filed this federal habeas petition.[2] Doc. 3. As his federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period.[3] Doc. 8.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-329 (5th Cir. 1999).

A. <u>One-Year Statute of Limitations</u>

Petitioner filed his federal petition well beyond the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Petitioner's conviction became final on June 10, 2014 -- 90 days after the Texas Court of Criminal Appeals refused his petition for

---

[1] The online docket sheets are available at http://www.search.txcourts.gov/Case.aspx?cn=WR-83,785-01&coa=coscca and http://www.search.txcourts.gov/Case.aspx?cn=WR-83,785-02&coa=coscca (last visited February 3, 2017).

[2] The federal petition is deemed filed on July 19, 2016, the date on which Petitioner certified signing and placing it in the prison mail system. See Doc. 3 at 10; Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

[3] The dates listed in this recommendation were verified through information available on the state court Internet web pages and the electronic state habeas record obtained through the TCCA.

discretionary review on March 12, 2014.[4]  *See* Sup. Ct. R. 13(1) and (3); *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003).  Thus, the limitations period expired one year later on June 10, 2015.  Moreover, Petitioner is not entitled to statutory tolling during the pendency of his state habeas applications.  *See* 28 U.S.C. § 2244(d)(2).

By dismissing the first application as non-compliant, the Texas Court of Criminal Appeals concluded that it "was not properly filed" in accordance with state filing requirements. *See Koumjian v. Thaler*, 484 F. App'x 966, 968 (5th Cir. 2012) (*per curiam*) (addressing dismissal of a state application for failure to comply with Texas Rules of Appellate Procedure 73.1 and 73.2).  As the United States Court of Appeals for the Fifth Circuit has noted, that ruling is "'the end of the matter,' precluding such petition's tolling of the statute of limitations." *Id.* (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002) and collecting cases holding that "a state court's ruling as to whether a state habeas petition is 'properly filed' is dispositive.").  Likewise, since the second application was not filed until May 10, 2016, eleven months after the one-year period expired, it cannot toll the one-year limitations period under section 2244(d)(2).[5]  *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if state application is filed after the limitations period expired).  Consequently, the federal petition is clearly outside the one-year limitations period under section 2244(d)(1)(A).

---

[4] The online docket sheet is available at http://www.search.txcourts.gov/Case.aspx?cn=PD-1488-13&coa=coscca (last visited February 3, 2017).

[5] The earliest possible date on which the second application can be deemed filed is May 10, 2016, the date on which Petitioner signed it and likely handed it to prison officials for mailing. *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (holding prison mailbox rule applies to state habeas application).

Notably, the result would not change, even if the Court were to permit statutory tolling based on the first, non-compliant state application. In fact, Petitioner delayed 354 days (almost an entire year) after his conviction first became final on June 10, 2014, before he filed his first state application on May 31, 2015. [6] Thus, notwithstanding statutory tolling during the pendency of that application, the one-year limitations period would have expired by December 7, 2015 -- eleven days after the dismissal of the first application on November 25, 2015, and long before the filing of the second application on May 10, 2016.

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable. Petitioner alleges no state-created impediment that prevented timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final. Moreover, Petitioner's bare mention of unspecified "other impediments" in his response is conclusory and wholly unsupported. Doc. 8 at 7. Consequently, the federal petition is clearly outside the one-year statute of limitations absent equitable tolling.

B. Equitable Tolling

Petitioner's filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Unexplained delays do not evince

---

[6] The earliest possible date on which the first state application can be deemed filed is May 31, 2015, the date on which Petitioner signed it and likely also handed it to prison officials for mailing. *See Richards*, 710 F.3d at 579.

due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

Furthermore, this is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). As noted, Petitioner waited almost a year (354 days) after his conviction first became final on June 10, 2014, before he filed his first state habeas application on May 31, 2015. *See Koumjian v. Thaler*, 484 Fed. Appx. 966, 969 (5th Cir. 2012) (collecting cases holding that delays of as little as four and six months precluded a finding of diligence). Petitioner also did not promptly file his second application and instead waited 166 days after the dismissal of the first application on November 25, 2015, before he submitted the second one on May 10, 2016. These extended periods of inactivity clearly indicate lack of due diligence. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). A litigant cannot wait until near a deadline to make a filing, and then seek equitable tolling when something goes wrong. *See Johnson v. Quarterman*, 483 F.3d 278, 287-288 (5th Cir. 2007) (filing on last day and encountering court computer problem that prevented filing lacked due diligence). Leaving little margin for error, as Petitioner did in this case when he delayed the filing of the first application, is not cautious and, clearly, is not diligent.

Moreover, Petitioner's response is completely silent about the 166-day delay between the dismissal of the first, non-compliant application and the filing of the second one. As previously noted, unexplained delays do not establish either due diligence or rare and extraordinary

circumstances.  *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).  Moreover, knowing that his first application had been dismissed for failing to comply with filing requirements, Petitioner should have promptly filed the second application without delay, especially knowing that only a few days remained on the statute of limitations.  His failure to do so obviously exemplifies a clear lack of due diligence.

In his response, Petitioner complains generally of appellate counsel's delay in (1) sending him a copy of the trial transcript and (2) informing him of the loss of Volume 2, which Petitioner claims "was of paramount importance" to his case.  Doc. 8 at 2-3.  His complaints, however, do not qualify as extraordinary circumstances.  Equitable tolling applies principally where a petitioner is actively misled by his attorney.  *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citations omitted); *Williams v. Thaler*, 400 Fed.Appx. 886, 892 (5th Cir.2010).  And attorney negligence does not suffice.  *Holland v. Florida*, 560 U.S. 631, 651-652 (2010); *Hailey v. Stephens*, 532 Fed. Appx. 571, 573 (5th Cir. 2013) ("negligence does not amount to egregious conduct constituting a rare and extraordinary circumstance that warrants equitable tolling.").

Nevertheless, appellate counsel's November 12, 2014 letter (enclosed with the response in this case) refutes Petitioner's self-serving assertions of delay.  Doc. 8 at 12.  In responding to Petitioner's request for a copy of Volumes 2 and 5 from the trial transcript, counsel indicated that Volume 5 (presumably with all other volumes) had been e-mailed to Petitioner's mother "many months" earlier, but that he had again sent a copy to the mother's e-mail address.  *Id.*  Regarding Volume 2, counsel stated that it had been destroyed by Hurricane Sandy and that Petitioner would need to obtain a new copy from the court reporter.  *Id.*  Thus, by November 2014 -- with more than six months remaining on the one-year limitations period – Petitioner and/or his mother

had received the entire trial transcript except for Volume 2, which was missing. Consequently, absent additional information, Petitioner's assertions fail to present extraordinary circumstances that prevented the timely filing of his federal petition.

Finally, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices to establish a rare and exceptional circumstance for purposes of equitable tolling. See *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling).

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. See *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

SIGNED February 6, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE